1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT
9
## SOUTHERN DISTRICT OF CALIFORNIA
10

11  RICHARD EARL GEORGE,
    CDCR #H-56048,

12                                    Plaintiff,

13       vs.

14
    DOMINGO URIBE, et al.,
15
                                    Defendants.
16

CASE NO. 11-CV-70 JLS (RBB)

**ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A**

17
18       Plaintiff, a state inmate currently incarcerated at Salinas Valley State Prison located in
19   Soledad, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C.
20   § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has
21   filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.    MOTION TO PROCEED IFP**

22       All parties instituting any civil action, suit or proceeding in a district court of the United States,
23   except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C.
24   § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is
25   granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176,
26   1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the
27   entire fee in installments, regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C.
28   § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

11CV70

1    Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

2    prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

3    statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding

4    the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir.

5    2005).  From the certified trust account statement, the Court must assess an initial payment of 20%

6    of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly

7    balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.

8    *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner

9    must collect subsequent payments, assessed at 20% of the preceding month's income, in any month

10   in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire

11   filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

12   The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

13   § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28

14   U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2.  *Andrews*, 398 F.3d at 1119.  Plaintiff's trust account

15   statement shows he has insufficient funds with which to pay any initial partial filing fee.  *See* 28

16   U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil

17   action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets

18   and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that

19   28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based

20   solely on a "failure to pay ... due to the lack of funds available.").

21   Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2], and assesses

22   no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing

23   fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment

24   payment provisions set forth in 28 U.S.C. § 1915(b)(1).

25   **II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2) & 1915A(B)**

26   The PLRA's amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints

27   filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in

28   any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law

or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).   Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to Fed.R.Civ.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  Here, however, even presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

**A.     42 U.S.C. § 1983**

To state a claim under § 1983, Plaintiff must allege that:  (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States.  *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

**B.     Eighth Amendment Failure to Protect**

While not entirely clear, it appears that Plaintiff is alleging that his Eighth Amendment rights were violated when he was attacked by another inmate while housed at Centinela State Prison.  (*See*

1  Compl. at 6.)   While Plaintiff has alleged some serious allegations, his Complaint is subject to sua

2  sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) because it fails to adequately state an Eighth

3  Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

4  The Eighth Amendment's prohibition against cruel and unusual punishment requires that

5  prison officials act reasonably in protecting inmates from violence suffered at the hands of other

6  prisoners. *Farmer*, 511 U.S. at 833; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). However,

7  to state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were

8  "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an

9  excessive risk to his health or safety. *Farmer*, 511 U.S. at 834. If the official is not alleged to have

10  actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the

11  inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege

12  that the official "also dr[ew] the inference." *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

13  Here, while Plaintiff identifies a serious risk to this safety, he fails to adequately allege with

14  any specificity how the individual Defendants would have known that there was a serious risk of

15  harm. Plaintiff does appear to allege that he was assaulted by other inmates but he does

16  not allege any facts from which the Court could find that he has adequately alleged that any of the

17  individual officers knew that another inmate would cause him serious harm.

18  Accordingly, as currently plead, Plaintiff has failed to show that any Defendant acted with

19  conscious disregard to a risk to his safety. *See Farmer*, 511 U.S. at 837; *Johnson v. Duffy*, 588 F.2d

20  740, 743 (9th Cir. 1978) (to establish a deprivation of a constitutional right by any particular

21  individual, the plaintiff must allege that the individual, in acting or failing to act, was the actual and

22  proximate cause of his injury). Thus, Plaintiff's Eighth Amendment failure to protect claims are

23  dismissed for failing to state a claim upon which relief can be granted.

24  **C.   Equal Protection Claims**

25  Plaintiff also claims that his right to equal protection under the law was violated by

26  Defendants. (*See* Compl. at 6.) The "Equal Protection Clause of the Fourteenth Amendment

27  commands that no State shall 'deny to any person within its jurisdiction the equal protection of the

28  laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City*

11CV70

1  *of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  In order to state a claim under

2  § 1983 alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must

3  allege facts which demonstrate that he is a member of a protected class.  *See Harris v. McRae*, 448

4  U.S. 297, 323 (1980) (indigents); *see also City of Cleburne*, 473 U.S. at 440-41 (listing suspect

5  classes).  In this matter, Plaintiff has neither sufficiently plead that he is a member of a suspect class

6  nor has he plead adequate  facts to demonstrate that Defendants acted with an intent or purpose to

7  discriminate against him based upon his membership in a protected class.  *See Barren v. Harrington*,

8  152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

9       Thus, the Court finds that Plaintiff's allegations are insufficient to prove invidious

10  discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429

11  U.S. 252, 265 (1977).  Plaintiff's Fourteenth Amendment equal protection claims are dismissed for

12  failing to state a claim upon which § 1983 relief can be granted.

13  **III.    CONCLUSION AND ORDER**

14       Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

15       1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is

16  **GRANTED**.

17       2.    The Secretary of the California Department of Corrections and Rehabilitation, or his

18  designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee

19  owed in this case by collecting monthly payments from the trust account in an amount equal to twenty

20  percent (20%) of the preceding month's income credited to the account and forward payments to the

21  Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C.

22  § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND

23  NUMBER ASSIGNED TO THIS ACTION.

24       3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

25  Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento,

26  California, 94283-0001.

27       **IT IS FURTHER ORDERED** that:

28       4.    Plaintiff's Complaint is **DISMISSED** without  prejudice for failing to state a claim

- 5 -                                        11CV70

1   upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  However,

2   Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to

3   file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's

4   Amended Complaint must be complete in itself without reference to his previous pleading.  *See* S.D.

5   Cal. CivLR 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will

6   be considered waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

7          Further, Plaintiff is cautioned that should he elect not to amend, or if his Amended Complaint

8   still fails to state a claim upon which relief may be granted, the dismissal of this action may hereafter

9   be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d

10  1172, 1177-79 (9th Cir. 1996).

11

12  DATED:  March 21, 2011

13                                          _____
                                            Honorable Janis L. Sammartino
14                                          United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11CV70