# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL GEORGE,<br><br>                     Plaintiff,<br>vs.<br><br>D. URIBE, et al.,<br><br>                     Defendants. | CASE NO. 11-CV-70 JLS (RBB)<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF Nos. 37, 23) |

Presently before the Court is Magistrate Judge Brooks' report and recommendation ("R&R") advising the Court to grant Defendants' motion to dismiss. (R&R, ECF No. 37.) Also before the Court are two documents submitted by Plaintiff as objections. (First Objections, ECF No. 38; Second Objections, ECF No. 41.)[1] Defendants submitted a notice of non-objection to the R&R (ECF No. 40) and a reply to Plaintiff's Second Objections (ECF No. 42). For the reasons stated below, the Court **ADOPTS** the R&R in full and **GRANTS** Defendants' motion to dismiss without prejudice. To the extent that Plaintiff's objections contain attempts to request document production, discovery, and appointment of counsel, those requests are **DENIED**. Plaintiff may renew these requests in properly noticed and supported motions.

---

[1] Although Plaintiff's objections to the R&R were filed after the deadline had passed, the Court will consider these Second Objections in light of the Court's duty to liberally construe a pro se plaintiff's pleadings, *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988), which is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992).

**BACKGROUND**

Magistrate Judge Brooks' R&R contains a thorough and accurate recitation of the factual and procedural history underlying the instant motion. (R&R 1-4.) This Order incorporates by reference the background as set forth in the R&R.

**LEGAL STANDARD**

**1. Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The Court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**2. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

1 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); see also Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, the Court need not accept as true "legal conclusions" contained in the complaint. *Iqbal*, 129 S. Ct. at 1949. This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

When a plaintiff appears pro se, the Court construes the pleadings liberally and to afford the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson*, 295 F.3d at 895. When giving liberal construction to a pro se civil rights complaint, however, the Court is not permitted to "supply essential elements of the claim that were not initially pled." *Easter v. CDC*, 694 F.Supp.2d 1177, 1183 (S.D. Cal. 2010) (quoting *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* (quoting *Ivey*, 673 F.2d at 268).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir.

1  1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.
2  1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend.
3  *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.The Court should allow a pro se plaintiff
4  leave to amend his or her complaint "unless the pleading could not possibly be cured by the
5  allegation of other facts." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (internal citations
6  omitted).

**3. Cognizable Claim under 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989).  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) that conduct he complains of violated a right secured by the Constitution and laws of the United States; and (2) the conduct he complains of was committed by a person acting under color of state law.  *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

**ANALYSIS**

**1.  Eighth Amendment Claims**

Plaintiff alleges Defendants Alvarado, Valasquez, Farias, Carvajal, Lopez and Hernandez failed to protect him from an inmate attack in the prison yard in violation of the Eighth Amendment.  (First Amended Complaint ("FAC") 3, ECF No. 5.)  The R&R analyzes Plaintiff's claims with regard to each of these Defendants separately, concluding that Plaintiff has not alleged facts sufficient to establish deliberate indifference on the part of any of these Defendants.  (R&R 11-17.)  Plaintiff objects to this conclusion on the grounds that "[t]he 'deliberate indifference' by defendants' purposeful actions entail more than negligence but omissions for the very purpose of causing harm to the plaintiff with knowledge that harm would result."  (First Objections 2[2].) Plaintiff states that inmates manipulated prison staff with the aid of Defendants Valasquez and

---

[2] Plaintiff appears to have mis-numbered the pages of his First Objections. The Court refers to the pages by their numbering as consistent with the electronically docketed copy.

1  Alvarado "to inflict life-damaging injuries to Plaintiff, and watched the assault after giving these
2  inmates perimature (sic) gate entry, and did not submit incident reports under CDCR
3  protocol . . . to account for their whereabouts at the time as a cover up. . . ." (*Id.*)
4        The state has an obligation to "assume some responsibility for [an inmate's] safety and
5  general well-being." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200
6  (1989). As part of this obligation, the state has a duty to protect an inmate against assaults by
7  other inmates because incarceration, by its very nature, forecloses an inmate's ability to seek
8  outside aid and restricts an inmate's ability to protect himself. *See Wilson v. Seiter*, 501 U.S. 294,
9  303 (1991). Although an inmate will naturally be exposed to harsh and uncomfortable conditions,
10 "gratuitously allowing the beating or rape of one prisoner by another serves no 'legitimate
11 penological objective.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v.*
12 *Palmer*, 468 U.S. 517, 548 (1984)).
13       Thus, to allege an Eighth Amendment violation, a prisoner must meet two requirements.
14 First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of
15 serious harm." *Id.* (citing *Helling v. McKinney*, 509 U.S. 25, 34–35 (1993)). Second, the prison
16 official must have acted or failed to act with "'deliberate indifference' to inmate health or safety."
17 *Id.* (quoting *Wilson*, 501 U.S. at 301–302). To demonstrate deliberate indifference, the prisoner
18 must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the
19 official must both be aware of facts from which the inference could be drawn that a substantial risk
20 of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. This standard
21 is one of subjective recklessness. *Id.* at 839–40. Therefore, it is not enough that a reasonable
22 person would have known the risk and that the defendant should have known; rather, the defendant
23 must have acted or failed to act despite knowing of a substantial risk of serious harm. *See id.* at
24 843 n.8. To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; the
25 very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842.
26       Generally, the R&R concludes that Plaintiff "does not state any facts to support an
27 inference that Defendants had 'more than a mere suspicion that an attack will occur.'" (R&R 12)
28 (quoting *Berg v. Kincheloe*, 794 F.2d 457, 459. He has not stated any facts to explain why the

- 5 -                                                                                                                                   11cv70

inmates who attacked Plaintiff posed a threat to him, and fails to explain how any Defendants could have or should have known that the inmates would attack Plaintiff. (R&R 12.) Plaintiff objects that Defendants "had prior documented knowledge of life threatening assaults occurring on Centinela Facility C yard (270) level IV" which was the reason for several "special training sessions" Defendants had been involved in prior to the attack on him. (Second Objections 1, 5, 7.) However, the R&R considered Plaintiff's allegations that Defendants had a general heightened awareness of a potential for attacks and that training exercises had been ongoing, determining that this knowledge fails to establish that Defendants were aware of and disregarded a specific or excessive risk to Plaintiff. (R&R 12-13.) The Court agrees with the R&R's reasoning.

With regard to Defendants Alvarado and Valasquez, Plaintiff reiterates that these guards "had a verbal conversation" with the inmates who attacked him "to obtain security perimature (sic) entry to initiate the assault on Plaintiff which is knowledge of the outcome disregarding . . . security post expectations on this 'special training day' when security was suppose (sic) to be at the highest level possible." (Second Objections 2.) However, as stated in the R&R, the fact that Defendants Alvarado and Velasquez spoke with the inmates and allowed them to enter the yard still does not establish that Defendants knew the inmates presented a substantial risk to Plaintiff's safety and that they disregarded that risk. (R&R 11-13.) Plaintiff further objects that Defendants Alvarado and Valasquez did not prepare a written report of the incident accounting for their security position during the attack, "which is a sign of guilt and prove the 'deliberate indifference.'" (Second Objections 2.) However, while Defendants' failure to fill out the required reports following the incident may be a violation of proper procedure, it cannot be construed as an indication of guilt.

Plaintiff also objects to the dismissal of claims against Defendants Farias and Carnajal. (Second Objections 4-7.) Apparently, Defendant Farias' view of the incident was "skewed" and he was not able to see it fully. (*Id.* at 4-5.) Plaintiff again states that Defendants Farias and Carnajal gave fraudulent incident reports to cover up the security team's negligence. (*Id.* at 5-6.) It is unclear how these allegations support his claim. To the extent that Plaintiff attempts to assert further proof that Defendants created an untruthful report following the incident, the R&R

addressed these allegations as part of its discussion on Plaintiff's civil conspiracy claim, which the Court will discuss separately below. (R&R 26.) To the extent that Plaintiff is attempting to cast doubt upon Defendant Farias' oversight of the yard at the time of the incident by stating his view was impeded, these allegations are belied by Plaintiff's own acknowledgment that Farias intervened by activating the alarm and directing all inmates to get to the ground. (*See* R&R 15.) Thus, the Court cannot see how this objection casts doubt upon the R&R's reasoning or further establishes any element of Plaintiff's Eight Amendment claims.

Similarly, Plaintiff's objections with regard to Defendants Lopez and Hernandez focus on his civil conspiracy allegations, which the Court discusses below. (Second Objections 7-8.) For the same reasons mentioned above, these objections do not pertain to Plaintiff's Eighth Amendment claims. Plaintiff's assertion that Defendants Lopez and Hernanedez, as the "lead authority" at the yard that day, have "enough causal connection [by their] wrongful conduct with coercion of subordinates to prepare the fraudulant (sic) charges" (Second Objections 7) fails to sufficiently allege Defendants Lopez and Hernandez may be held liable as supervisors under § 1983. (*See* R&R 16.) As the R&R states, Plaintiff has not explained which actions or omissions by Defendants related to their supervisory authority deprived Plaintiff of his constitutional right. (R&R 17.) Thus, the R&R concludes that Defendants Lopez and Hernandez were not liable as supervisors because Plaintiff did not allege a sufficient causal connection between their actions and his alleged injury. (R&R 16-17.) Merely establishing their status as the "lead authority" at the yard on the day of the attack does not state a claim for constitutional deprivation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

Accordingly, the Court finds Plaintiff's objections with regard to the prison yard defendants (Alvarado, Valasquez, Farias, Carvajal, Lopez and Hernandez) without merit, and **ADOPTS** the R&R with respect to Plaintiff's Eighth Amendment claims.

**2. Fourteenth Amendment Claims**

Plaintiff alleges Defendants Gutierrez and Valenzuela violated his Fourteenth Amendment right to equal protection during the disciplinary hearing and imposition of punishment against him. (FAC 11.) Defendant Gutierrez was the assigned investigator for the inmate fight incident at issue

in this case, and Defendant Valenzuela was the senior hearing officer who conducted Plaintiff's disciplinary hearing. (R&R 18.) The R&R concludes Plaintiff's allegations that Gutierrez shared Plaintiff's witness questionnaire with Valenzuela before the hearing, allowing Valenzuela to instruct Gutierrez not to ask certain questions that could incriminate prison staff, are insufficient to state a claim that Defendants interfered with his right to a hearing. (R&R 18-20.) The R&R points out that Plaintiff was assigned an investigator and was able to prepare questions for witnesses at the hearing, emphasizing that the actions of Gutierrez and Valenzuela were authorized by title 15 of California Code of Regulations. (R&R 20) (citing Cal. Code Regs. tit. 15, § 3318(a)). The Court is not required to accept Plaintiff's legal conclusions that Defendants' actions establish a due process violation when not supported by sufficient facts. (*Id.*)

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223–27 (1976). To state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000). In the context of disciplinary hearings, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *Wolff v. McDonnell*, 418 U.S. 539, 536-70 (1974). Even a violation of the prison's regulations does not violate the prisoner's due process so long as the minimal protections outlined in *Wolff* have been provided. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

Plaintiff objects that he was denied a fair and impartial decisionmaker in violation of *Wolff v. McDonnell*, 418 U.S. 539 (1974) (Second Objections 9). Apparently, the actions of Defendants

1 Guitierrez and Valenzuela deprived him of "the truth fact-finding process of the incident, which is
2 a 'liberty interest,' . . . a 'fundamental right,' and a 'suspect classification.'" (*Id.*) Rather than
3 directly addressing any of the R&R's findings, Plaintiff's objections on this point seem to consist
4 of misstatements of the law under *Wolff* and a list of Fourteenth Amendment buzz-words without
5 any real connection to this case. Further, Plaintiff's objections are unsupported. He claims that
6 "Defendants Gutierrez and Valenzuela intentionally treated Plaintiff differently from other
7 'willfully participating in a riot' charged inmates by failing to investigate each employee," but
8 cites no facts to support this allegation. (*Id.*) Thus, the Court agrees with the R&R's conclusion
9 that Plaintiff's allegations do not support a claim that he was denied due process protections
10 during his disciplinary hearing. Other than his bare allegation that *Wolff* has not been followed,
11 Plaintiff has not alleged any facts which could form a violation under *Wolff*. Accordingly,
12 Plaintiff's objections are rejected and the R&R is **ADOPTED** with regard to Defendants Gutierrez
13 and Valenzuela.

14 **3. Supervisory Claims**

15 Plaintiff argues that Defendants Uribe and Calderon are liable for the acts of others as
16 supervisors. Plaintiff stated Defendant Uribe is responsible for his staff members' actions as head
17 of the institution's Administrative Segregation Committee, and that he signed off on documents
18 that constitute the civil conspiracy, discussed below. (FAC 7.) Further, Plaintiff alleges
19 Defendant Calderon is liable as the chief disciplinary officer at Centinela, who assessed the
20 amount of time for Plaintiff's rules violation. (*Id.*) The R&R concluded that Plaintiff has failed to
21 allege sufficient facts of either supervisory Defendants' knowledge of unconstitutional conduct
22 against Plaintiff. (R&R 22-24.) Objecting, Plaintiff argues that Defendant Uribe knew about the
23 risk to Plaintiff because he "review[s] Centinela daily operational manual log book
24 documentation" and implements security policy. (Second Objections 11.) Further, "Defendant
25 Uribe has knowledge of the serious assault pattern on this particular level IV yard do to his
26 approval of lifelite medical helicopter landings on facility C yard 2 times a week prior to the
27 plaintiff's incident in rushing inmates to a outside hospital for life threatening injuries and head
28 //

1 trauma." (*Id.*) As to Defendant Calderon, Plaintiff also emphasizes knowledge of previous
2 incidents. (*Id.* at 11-12.)

3 As outlined in the R&R, a plaintiff may state a claim for deliberate indifference against a
4 supervisor based on the supervisor's knowledge of and acquiescence in, unconstitutional conduct
5 by others. (R&R 21) (citing *Starr v. Baca*, 652 F.3d 1202, 1221 (9th Cir. Feb. 11, 2011)). Here,
6 however, Plaintiff has not alleged knowledge of unconstitutional conduct against Plaintiff on the
7 part of Defendant Uribe or Calderon, and his objections do not cure this deficiency. Plaintiff's
8 objections emphasize Defendants' general knowledge of previous incidents in the same yard,
9 which is not enough to establish supervisory liability. Thus, the Court **ADOPTS** the R&R with
10 respect to Defendants Uribe and Calderon.

11 **4. Civil Conspiracy Claims**

12 Finally, Plaintiff alleges Defendants conspired to cover up actions by Defendants
13 Valazquez and Alvarado which led to Plaintiff being assaulted by other inmates in the yard. (FAC
14 9.) Interpreting this as a claim for conspiracy in violation of 42 U.S.C. § 1983, the R&R
15 concluded that Plaintiff had failed to allege: (1) an agreement between the defendants to deprive
16 the plaintiff of a constitutional right; (2) an overt act in furtherance of the conspiracy; and (3) a
17 constitutional violation. (R&R 25) (citing *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57)
18 (9th Cir. 1999) (en banc). As Defendants point out in their reply, Plaintiff's objections do not
19 present any new information or arguments. (Reply 4.) In fact, they seem to conflate or confuse
20 the issues of civil conspiracy and qualified immunity. (Second Objections 12-13.) The Court
21 agrees with the R&R's reasoning and conclusion and accordingly **ADOPTS** the R&R with respect
22 to Plaintiff's civil conspiracy claims.

23 **5. Qualified Immunity Defense**

24 The R&R concludes that, given its recommendation that Plaintiff's claims be dismissed
25 with leave to amend, any discussion of qualified immunity is premature until, and if, Plaintiff
26 amends his complaint to successfully state a claim. (R&R 29) (citing *Taylor v. Vt. Dep't of Educ.*,
27 313 F.3d 768, 793-94) (2d Cir. 2002). Plaintiff does not object to this conclusion. (*See* Second
28 Objections 12-13.) Thus, the Court **ADOPTS** the R&R's recommendation that the Court decline

1 to dismiss this case based on qualified immunity because such a determination is premature at this
2 time.

## CONCLUSION

For the foregoing reasons, Plaintiff's FAC is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.  If Plaintiff wishes, he may file an amended complaint addressing the deficiencies noted herein <u>within 45 days of the date that this Order is electronically docketed.</u>  Plaintiff's amended complaint must be complete in itself without reference to his previous pleading.  *See* Civil Local Rule 15.1.  Defendants not named and all claims not re-alleged in any amended complaint will be deemed waived.  *See King v. Atiyeh*, 814 F.2d 567 (9th Cir. 1987).  If no amended complaint is received by that time, the Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  March 23, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge